CALENTI *v*. THE REGISTRAR OF PROPERTY.

APPEAL from a Decision of the Registrar of Property of Caguas.

No. 5.—Decided June 27, 1908.

DISSOLUTION AND DIVISION OF COMMERCIAL PARTNERSHIP—MINORS INTERESTED—
POWERS OF GUARDIAN—CODE OF COMMERCE.—In accordance with the provisions of article 234 of the Code of Commerce, it is not necessary that a guardian should have the authorization of the family council of his minor brothers and sisters in order to proceed to dissolve and divide a commercial partnership.

OFFICIAL TRANSLATION OF DOCUMENTS—CURABLE DEFECT—CONSTRUCTION OF ARTICLE 52 OF THE MORTGAGE REGULATIONS.—Failure to comply in the execution of an instrument with the provisions of article 52 of the Mortgage Regulations in regard to the official translation of instruments executed in foreign countries, only constitutes a curable defect when a power of attorney presented by one of the parties to show his capacity as the agent of one of the parties interested in the deed is involved.

PROPERTY RECORDED IN FAVOR OF A PARTNERSHIP—TRANSFER THEREOF TO LIQUIDATING PARTNERSHIP.—Where a new partnership is constituted as the liquidator and continuator of an extinguished partnership, it is unnecessary to transfer the property of the former to the new partnership in order to comply with the provisions of article 20 of the Mortgage Law.

The facts are stated in the opinion.

*Mr. García Cuervo* for appellant.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

This is an appeal taken by Attorney Emilio García Cuervo on behalf of Claudio Calenti y Portela, from a decision of the Registrar of Property of Caguas refusing to admit to record an instrument of dissolution and division of a limited commercial copartnership.

By public deed executed in Caguas on June 15, 1901, before Notary Abelardo Cajas y Mechado, of said city, Claudio Calenti y Portela, Manual Cobas y Fariña and Ricardo Giménez y Hernández, the first two in their own right and the last as the special attorney in fact of Cándido Fariña y Ruibal, residing in Spain, established a limited commercial

copartnership under the firm name of Sucesores of C. Fariña & Co., the managing partners thereof being Claudio Calenti y Portela and Manuel Cobas y Fariña, and the special partner Candido Fariña y Ruibal. This firm took charge of the liquidation of another firm which had done business in Juncos under the style of C. Fariña & Co. and took over all the assets and liabilities of the same. Upon the presentation of the deed to the Registrar of Property of Caguas for record with respect to the real property which formed part of the partnership capital of said firm, the registrar denied the record because of the defects which he enumerates in the decision placed at the foot of the document, notice of which does not appear to have been given to the person who presented it.

Subsequently, the death of the partner Candido Fariña y Ruibal having occurred in the city of Madrid, Spain, by another public deed executed in this city on January 24, 1905, before Attorney Thomas D. Mott, a notary of the same, Claudio Calenti y Portela, Manuel Cobas y Fariña and María and Candida Fariña y Sepúlveda, in their own right, and the last named, moreover, as the attorney in fact to his absent brother of legal age, Clemente, and to his sister Laura and her husband, Joaquín Santa Rosa, and as the guardian of his minor brothers and sisters, Petronila, known also as Petra, Laura, emancipated after her marriage to the said Santa Rosa, Enriqueta, Feliciano and Milagros Fariña y Sepúlveda, who, in conjunction with the other party, appearing, María, and the other absent brother, Clemente Fariña y Sepúlveda, constituted the successors of their deceased father, Candido Fariña y Ruibal, as his only and universal heirs, instituted in the will which he executed in said city of Madrid on April 27, 1904, before Notary Casimiro Velo de la Viña, said Candido Fariña establishing his capacity as guardian of his minor brothers and sisters through a certified copy duly authenticated, of the record showing that he had been given such guardianship by the family council of the said minors, and

among other powers that of collecting sums exceeding 5,000 *pesetas,* without the intervention of the protutor; and said Candido, moreover, giving assurance that he had received instructions from his brother and sisters, Clemente and Laura, and from the latter's husband, Joaquín Santa Rosa, to execute said deed, they declared the firm of Sucessors of C. Fariña & Co. to be dissolved and proceeded to liquidate and divide the assets of said firm among the partners upon the basis and in accordance with the stipulations set forth in said deed. This deed was presented at the Registry of Property of Caguas, together with two subsequent deeds by which Clemente & Fariña y Sepúlveda and Candido Fariña y Sepúlveda, the latter as the attorney in fact of his sister Laura and of her husband, Joaquín Santa Rosa, according to a power of attorney executed in his favor in the city of Evora, Portugal, drawn in the Portuguese language, and of which a translation into Spanish is attached, ratified the previous deed of January 24, 1905, referring to the dissolution and division of the firm of Successors of C. Fariña & Co., these documents being accompanied by a petition to the registrar for the admission to record of said deed, which record was denied by the registrar on the grounds set forth in the decision appearing at the foot therein, which reads as follows:

"The record of the foregoing document, in view of the other documents accompanying the same, is denied, and in lieu thereof a cautionary notice has been entered to have effect for 120 days at folio 228, 160 reverse side, 67 over, 155 and 120 over, of volumes 10, 11, 8, 11 and 6 of the *ayuntamiento* of Juncos, estates numbered 253 duplicate, 204 duplicate, 201 duplicate, 230 duplicate, and 298, respectively, record letter C, on account of the incurable defects that said estates are not recorded in the name of the dissolved partnership, but in the name of another person—that is to say, in the name of the firm of C. Fariña & Co.—and that Candido Fariña y Sepúlveda, as the guardian of the minors Petrolila, Laura, Enriqueta, Feliciano and Milagros Fariña Sepúlveda, is not authorized by the family council of said minors to liquidate said firm and to award the property thereof to the other two partners; furthermore, the Spanish translation of

the power of attorney which Laura and her husband conferred on
Candido Fariña Sepúlveda, written in Portuguese, is not certified to
by any official translator. Caguas, December 30, 1907. S. Abella
Baston, Registrar.''

Attorney Emilia García Cuervo took an appeal in due time
from this decision on behalf of Claudio Calenti y Portela,
seeking the reversal thereof and an order to the registrar to
record the deed.

According to section 234 of the Code of Commerce:

''In the liquidation of commercial associations, in which minors
or incapacitated persons are interested, the father, mother or guardian
of the latter shall act, as may be the case, with full powers, as though
a private transaction of their own were involved, and all the pro-
ceedings instituted and consented to by said representatives for their
principals shall be valid and irrevocable without privilege of restitu-
tion and without prejudice to the liability the former may contract
with regard to the latter, by reason of fraud or negligence on their
part.''

And, pursuant to this provision of the Special Code of
Commerce, the guardian, Candido Fariña y Sepúlveda, did
not need the authority of the family council of his minor
brothers and sisters for the dissolution and division of the
firm of Successors of C. Fariña & Co.

Although article 52 of the Regulations for the Execution
of the Mortgage Law provides that: ''Documents executed in
foreign countries can only be recorded after they have been
officially translated in the translation bureau or by any other
official who is competently authorized therefor, this defect
when present, as in this case, in a power of attorney, pro-
duced by one of the parties to establish his capacity as the
agent of one of the persons interested in the deed, does not
constitute an incurable defect, nor would the failure to pro-
duce said power, but a defect which is curable at any time, as
the General Direction of Registries of Property has held in
a number of decisions.

The fact that the property is recorded in the registry in the name of the firm of C. Fariña & Co., which is different from the firm of Successors of C. Fariña & Co., does not constitute an incurable defect in the deed, nor any other defect, because this assumption which constitutes the fundamental reason for the refusal of the registrar, is incorrect, inasmuch as the new firm of Successors of C. Fariña & Co. is not a different firm from its predecessor, but the liquidator and continuator thereof, and consequently, for the transfer or conveyance of the property of the old to the new firm, it is not necessary that it be made by the former to the new firm, in order to comply with the provisions of article 20 of the Mortgage Law; and although the registrar alleges that the instrument of constitution of the new firm of Successors of C. Fariña & Co. is void, because the power of attorney of Ricardo Jiménez Hernández does not contain a special stipulation from the absent partner, Candido Fariña y Ruibal, to dissolve the former firm and transfer to the new firm the property pertaining to him in the division and liquidation thereof, this defect would in any event have been cured by the heirs of the deceased, Candido, upon their declaring dissolved the firm of Successors of C. Fariña & Co. and proceeding to liquidate and divide it in accordance with the basis and conditions stipulated in said deed to which not the slightest objection has been made, thus employing a real act of confirmation which purges the contract of all defects invalidating it, in accordance with the provisions of sections 1276, 1277, 1278, 1279 and 1280 of the Civil Code in force.

In view of the legal provisions cited in this opinion, the decision of the Registrar of Property of Caguas appearing at the end of the deed involved in this appeal is reversed, and said deed is declared to be recordable in the registry of property.

The documents presented are ordered to be returned to the Registrar of Property of Caguas, together with a certified

copy of this decision for his information and that of the persons interested, and for such other purposes as may be proper under the law.

*Reversed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.